CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 15, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

CHADRICK J. GRIFFIN,         )
                             )
       Plaintiff,         )     Case No. 7:25CV00665
                             )
v.                          )     **OPINION AND ORDER**
                             )
UNITED STATES OF AMERICA, et al.,  )     JUDGE JAMES P. JONES
                             )
       Defendants.      )

*Chadrick J. Griffin, Pro Se Plaintiff.*

The plaintiff, an inmate proceeding pro se, has filed this civil action under the Federal Tort Claims Act, 28 U.S.C. § 1346, claiming that he was assaulted by prison officials in retaliation for filing administrative grievances.  Currently before the court is Griffin's Response to the Show Cause Order entered April 13, 2026.  Upon review, I conclude that Griffin has not shown good cause for his failure to meet the deadline to accomplish service, and his claims against the defendants who have not received notice of this case will be dismissed without prejudice.

### I.   PROCEDURAL BACKGROUND.

Griffin's pro se Complaint was docketed on September 18, 2025, and named as defendants the United States of America, Michael Chad Hamilton, Logan Smith, David Graham, and Five Unknown Officers.  The full filing fee of $405.00 was simultaneously paid, and the court directed Griffin to serve the defendants within

ninety days.   On November 3, 2025, Griffin sought an extension of time to accomplish service.   The court granted his motion and extended the deadline to January 30, 2026.   Griffin requested a second extension of time to serve the defendants and concurrently moved to amend his Complaint.   The court granted a second extension, allowing him to accomplish service by March 16, 2026.   Griffin's Amended Complaint was filed on March 4, 2025, and the court extended the deadline for service once again.   The final service deadline imposed was April 4, 2026 — more than six months after entry of the original Order directing service. Upon expiration of that deadline, and seeing no evidence of service, the court entered a Show Cause Order on April 13, 2026, advising Griffin that his cause of action may be dismissed unless he shows good cause for his failure to serve the defendants within the specified timeframe.   Griffin has filed a timely Response to the Order.   In the meantime, the United States of America filed a Motion to Dismiss, and the court issued a Notice in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Griffin of his right to oppose the Motion.

II.   DEFENDANTS HAMILTON, SMITH, GRAHAM,
AND FIVE UNKNOWN OFFICERS.

Under Rule 4(m) of the Federal Rules of Civil Procedure,

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

-2-

cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "'Good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances." *Robinson v. G D C, Inc.*, 193 F.Supp.3d 577, 580 (E.D. Va. June 21, 2016) (citing *Madden v. Texas*, 498 U.S. 1301, 1305 (1991)). As explained by the Fourth Circuit, "[a] plaintiff's pro se status is not sufficient to establish good cause. Rather, we can find good cause to extend the service deadline only if the plaintiff made reasonable and diligent efforts to effect service within the 90-day period." *Shirley v. Staubs*, 812 F. App'x 162, 162 (4th Cir. 2020) (unpublished).

In support of his Response, Griffin raises issues related to the prison's backlog of incoming mail and claims that he did not receive court documents in a timely manner. As an example, he states that he did not receive the court's show cause Order "until a few weeks after the post-mark." Pl. Resp. 3, Dkt. No. 26. However, he does not explain what efforts he has made to accomplish service on the defendants during the approximate six-month timeframe in which he had been afforded. Nor does he describe any efforts he intends to make going forward. Even if Griffin experienced delays in receipt of certain court orders, the three extensions granted provided ample time to make reasonable and diligent efforts to serve the defendants. If the defendants are not served, they will not have notice of Griffin's claims in order for the case to proceed against them. *See Robertson v. Dameron*, No. 7:22-cv-00086,

2023 WL 2760078, at *2 (W.D. Va. Mar. 13, 2023) ("'[T]he real purpose of service of process is to give notice to the defendant[s][.]'") (quoting *Karlsson v. Rabinowitz*, 318 F.2d 666, 669 (4th Cir. 1963)).  Ultimately, because Griffin failed to explain what reasonable or diligent efforts he made to accomplish service on the defendants, he has not shown good cause for his failure to do so.

Therefore, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the claims against defendants Hamilton, Smith, Graham, and Five Unknown Officers will be dismissed without prejudice.

III.    DEFENDANT UNITED STATES OF AMERICA.

Although there is no evidence in the record that indicates the United States of America has been served, the government has appeared in the case by filing a Motion to Dismiss, moving to dismiss three of Griffin's claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The government did not move to dismiss the case under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process, nor was it indicated that appearance in the case was limited to filing the Motion.  Therefore, the United States of America has waived the defense of insufficient service of process.  Fed. R. Civ. P. 12(h).

Moreover, it appears that the government had actual notice of the case in order to have filed a Motion to Dismiss, and it has not set forth any basis for which it

-4-

would be prejudiced by this cause of action moving forward. *See Robertson*, No. 7:22-cv-00086, at \*2, 4 (allowing for liberal construction of Rule 4 where a defendant received actual notice of a pro se prisoner's pleading and determining that the defendant would not be prejudiced by granting the plaintiff another chance to properly serve them).

Therefore, despite Griffin's failure to demonstrate good cause for his failure to serve the defendants, his claims against the United States of America may proceed at this time given their notice of this civil action and waiver of a Rule 12(b)(5) defense.

## IV.   CONCLUSION.

For these reasons, it is **ORDERED** as follows:

1. Griffin's claims against defendants Michael Chad Hamilton, Logan Smith, David Graham, and Five Unknown Officers are DISMISSED without prejudice, and such defendants are terminated as parties; and

2. The court will consider the pending Motion to Dismiss filed by defendant United States of America on its merits once it becomes ripe for consideration.

ENTER:   May 14, 2026

/s/  JAMES P. JONES
Senior United States District Judge

-5-